IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW FAISON, JR., et. al., : | |
| : | |
| Petitioners, : | Civil Action |
| : | Case No. 10-MC-51 |
| v. : | |
| : | |
| KAISER ALUMINUM CORP., et. al., : | |
| : | |
| Respondents. : | |

## OPINION AND ORDER

**Slomsky, J.**                                                                                                           August 26, 2010

## I.  INTRODUCTION

Before the Court is Petitioner's Application for Prisoners to Proceed in District Court Without Paying Fees or Costs. (Doc. No. 3). On March 19, 2010, Petitioner,[1] an inmate at the Columbia Correctional Facility in Lake City, Florida, filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. No. 1). On May 3, 2010, this Court issued an Order denying Plaintiff's Motion without prejudice (Doc. No. 2) because Petitioner had claimed ownership of substantial assets in his financial affidavit as well as income on the part of his spouse, both of which disqualified him from

---

[1] Petitioner's suit purports to be filed by Matthew Faison, Jr., Karen Barel, and "all others similarly situated." However, all of the materials filed in this suit have been signed only by Petitioner Matthew Faison. The *in forma pauperis* applications refer only to Mr. Faison's assets, and the only allegation in the complaint referring to Ms. Barel is a statement that Mr. Faison is a member of a class action suit in which Ms. Barel is a named plaintiff.
    Although an individual is entitled to represent himself *pro se*, he may not act as an attorney on behalf of others in federal court. Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel.") (emphasis added). There is no evidence that Ms. Barel has ever signed any documents indicating her intent to be a Plaintiff in this case. Therefore, for purposes of this Opinion, Mr. Faison shall be considered the sole Petitioner in this action.

receiving *in forma pauperis* status. The Court directed that Petitioner could re-file his Motion to Proceed *In Forma Pauperis* using the appropriate forms to be provided to him by the Clerk's Office if his current motion did not accurately reflect his available financial resources. (Doc. No. 2, at 1, n.1). On May 21, 2010, Petitioner filed the instant Application for Prisoners to Proceed in District Court Without Paying Fees or Costs, and attached the required statement of his prisoner trust fund account. (Doc. No. 3).

For the following reasons, Petitioner's Application to Proceed *In Forma Pauperis* will be denied. While he was incarcerated, Petitioner has on three or more prior occasions brought an action or appeal that was dismissed on the ground that it is frivolous or fails to state a claim upon which relief may be granted. Moreover, Petitioner does not currently allege that he is in imminent danger of serious physical injury. Furthermore, Petitioner's complaint, styled a Writ of Mandamus, will be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. DISCUSSION

In the Prison Litigation Reform Act of 1995, Congress amended the minimum requirements to be met by indigent prisoners who file civil actions. In re: Alea, 286 F.3d 378, 380 (6th Cir. 2002). Pursuant to 28 U.S.C. § 1915 (b)(1), the traditional waiver of filing fees for prisoners with *pauperis* status was replaced with a requirement that all prisoners pay the required filing fee with periodic deductions from their prisoner account. Id. In addition, § 1915(g) imposes a restriction on prisoner litigants with a history of filing frivolous or malicious civil actions, and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As a result, § 1915(g) "forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions if they have had three or more prior dismissals as described in that statute." Id. (internal citation and quotation marks omitted).[2]

Section 1915 further directs the court to screen complaints filed *in forma pauperis* to determine if they are frivolous or if they fail to state a claim upon which relief may be granted. McAllen v. Attic Away from Home, 2000 WL 1752618 (D. Del. Nov. 17, 2000). Pursuant to § 1915(e)(2)(B)(i) and (ii), the court shall dismiss a case brought under the section, "notwithstanding any filing fee, or any portion thereof, that may have been paid," if the court determines that "the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."

Petitioner has brought three or more actions that have been dismissed for the reasons listed in § 1915(g), and thus the "three strikes provision" applies to him. Furthermore, Petitioner's instant complaint, styled a writ of mandamus, does not allege that Petitioner is in imminent danger of serious physical injury. Therefore, Petitioner will not be permitted to proceed *in forma pauperis* in this action, and his action will be dismissed without prejudice. Finally, Petitioner's claims will be dismissed with prejudice under § 1915(e)(2)(B)(i) and (ii) as frivolous.

---

[2] Although the Court is deciding Petitioner's Application to Proceed Without Paying Fees, and Petitioner's claims have neither been filed nor served on Respondents, the Court may still raise the issue of Petitioner's three strikes *sua sponte*. E.g., McCain v. Reid, 2009 WL 1351767 (E.D. Tex. May 13, 2009) (considering plaintiff's *in forma pauperis* request based only on plaintiff's filings, and denying the request based on plaintiff's "three strikes").

A.   **Three Strikes**

In order for Plaintiff to fall under the "three strikes provision" of § 1915(g) which prohibits filing civil actions *in forma pauperis*, he must have filed three cases which were previously dismissed because the action was frivolous, malicious or failed to state a claim. Andrews v. King, 398 F.3d 1113, 1116, 1120 (9th Cir. 2005). Plaintiff has had at least three civil actions dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e), which satisfies the three strikes provision of § 1915(g).

First, Petitioner has already been found to have three strikes by another federal district court. In Civil Action No. 03-cv-53, filed in the United States District Court for the Middle District of Florida, Jacksonville Division, the District Court held Petitioner had three or more qualifying dismissals. (Case No. 03-53, Doc. No. 3, at 2). The District Court took judicial notice of Civil Action No. 99-1182, discussed below, wherein Petitioner's claim was dismissed with prejudice for failure to state a claim upon which relief may be granted. (Id.) The District Court also took judicial notice of five filings "brought by [Petitioner] that were dismissed because [Petitioner] lied under penalty of perjury about the existence of prior lawsuits: (1) 99-59-Civ-J-20C; (2) 99-1085-Civ.-J-20A; (3) 99-1114-Civ-J-21B; (4) 3:00-civ-148-J-20A; and, (5) 3:02-cv-748-J-25TEM." (Id.) The District Court reasoned that "[t]he Eleventh Circuit has recognized that a dismissal for lying under penalty of perjury about prior lawsuits 'is precisely the type of strike that Congress envisioned when drafting section 1915(g).'" (Id. (quoting Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)). Accordingly, Petitioner's complaint was dismissed without prejudice, his *in forma pauperis* application was denied, and he was instructed that he could initiate a new action only by paying the full filing fee. (Id.)

Although the District Court's ruling in Civil Action No. 03-cv-53 could suffice as evidence of Petitioner's "three strikes," this Court will independently review three additional cases wherein Petitioner's claims were dismissed on grounds that they were frivolous or failed to state a claim upon which relief may be granted.

First, in Civil Action No. 99-1182, filed in the United States District Court for the Middle District of Florida, Jacksonville Division, Petitioner filed a *pro se* civil rights complaint, naming as the sole defendant the Honorable Ralph W. Nimmons, Jr., a United States District Judge for the Middle District of Florida. (Case No. 99-1182, Doc. No. 4, Order of Dismissal With Prejudice). Petitioner asserted the court had jurisdiction based on the Florida Constitution and 28 U.S.C. § 1294, and alleged violations of the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments. The District Court held Petitioner's "complaint against Judge Nimmons is wholly without merit," and dismissed his claim with prejudice for failure to state a claim upon which relief may be granted. (Id. at 2-3).

Second, in Civil Action No. 01-cv-690, filed in the United States District Court for the Middle District of Florida, Ft. Myers Division, Petitioner filed a *pro se* "Class Action Civil Rights Complaint via Appointment of Attorney Pursuant to Class Action 42 U.S.C.A. 1983-2002." (Case No. 01-690, Doc. No. 4, Order, at 1). Although the complaint does not mention claims related to Petitioner, he signed both the complaint and the certificate of service.[3] (Id.; Doc. No. 1, Compl., at 4). The complaint purports to challenge an order transferring the other plaintiff's petition for writ of habeas corpus to the Orlando Division of the Middle District of Florida. (Doc. No. 4, Order, at

---

[3] Furthermore, based on a comparison of the hand-written complaint, Petitioner's signature on the complaint and the signature of Petitioner's co-filer, it appears Petitioner also drafted the complaint.

1). The District Court held "Plaintiffs have not demonstrated the violation of any constitutional right and their claims rely on factual allegations that are 'clearly baseless.'" (Id. at 3). Accordingly, the complaint was dismissed as frivolous. (Id. at 4).

Third, in Civil Action No. 02-cv-2064, filed in the United States District Court for the Northern District of California, Petitioner filed a class action on behalf of himself and a number of musical performers, alleging that the Library of Congress Copyright Office has "stolen songs submitted by the plaintiffs for copyright." 2002 U.S. Dist. LEXIS 9457, *1 (N.D.C.A. May 24, 2002). The District Court dismissed Petitioner's complaint without leave to amend, citing Neitzke v. Williams, 490 U.S. 319, 328 (1989) (examples of claims which may be dismissed as frivolous include those "describing fantastic or delusional scenarios with which federal judges are all too familiar"). Id. at *2-3.

Accordingly, Petitioner has had at least three civil actions dismissed as either frivolous or for failure to state a claim upon which relief may be granted, thereby satisfying the three strikes provision of § 1915(g). This provision precludes him from filing the instant action without first paying the filing fee.

**B.      Imminent Danger**

Because Petitioner has "three strikes," he is not permitted to bring a civil action *in forma pauperis* unless he is under "imminent danger of serious physical injury."[4] 28 U.S.C. § 1915(g). Because Petitioner is proceeding *pro se*, his filings will be "liberally construed." Erickson v. Pardus,

---

[4] In order for a prisoner to invoke the imminent danger exception, the imminent danger must exist at the time of filing. Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-13 (3d Cir. 2001). The standard does not require a plaintiff to prove existing injury. It is sufficient if the condition poses an imminent danger. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998).

551 U.S. 89, 94 (2007).

The claims in this case are submitted in a Writ of Mandamus pursuant to 28 U.S.C. § 1651(a). Petitioner requests the Court to issue a writ compelling various private corporations to send him various financial instruments on behalf of all petitioners. Petitioner appears to be seeking these instruments as part of a settlement of one or more class action suits. Petitioner also alleges he is a member of a class action suit in which counsel for the class has not yet accepted a settlement. Under the heading "Relief Sought," Petitioner "seeks an enforcement order of a civil penalties that to be paid to Mr. Matthew Faison Jr. of what is asserted in this instant 'Writ of Mandamus.'" Construing these filings liberally, the Court is unable to identify any factual allegations suggesting Petitioner is in imminent danger of serious physical injury. Petitioner's Application to Proceed *In Forma Pauperis* will accordingly be denied.

**C.     Frivolousness**

As discussed above, 28 U.S.C. § 1915(e)(2) permits a court to evaluate claims filed *in forma pauperis* and to dismiss those actions or appeals which are frivolous, malicious, or fail to state a claim upon which relief may be granted. A complaint is frivolous when it is "based on an indisputably meritless legal theory" or when its "factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . Examples of the latter class are claims describing fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 1833 (1989).

Here, in the pleading submitted with his first Motion for Leave to Proceed *In Forma Pauperis*, Petitioner seeks a writ of mandamus from the Court pursuant to 28 U.S.C. § 1651(a):

> [C]ompelling the (Bank of America), associated with (Kaiser Aluminum Insurance Corporation), and (Wells Fargo Bank), and (Western Union Bank), to issue the following negligibles [*sic*]:
> I. Bank of America, to issue $25 million in stock of the amount owed to me.
> II. Kaiser Aluminum Insurance Corporation, to issue $700, 5000thousand (*sic*), in bonds of the amount owed to me.
> III. Richard, Layton, Finger to complete the negotiations and issue Certificate of Deposit of the settlement proposal, of the Western District Bankruptcy Court Pittsburgh, Pennsylvania, The Honorable Judith K. Fitzgerald adjudicated.
> IV. (Western Union), and (Wells Fargo), to issue $1 billion in U.S. Currencies paid in full, of the amount owed to Petitioners, Plaintiff, Claimants.

Petitioner alleges the following facts in support of his request for a writ:

> 5.) The Plaintiff/Petitioner *Matthew Faison Jr.,* sought assistance through the undersigned, "Delaware State Bar Association attorney(s), Mr. Sorelis Duran and Mrs. Janice Myrick, by filing (bar complaint) on the (Richard, Layton, Finger), Law Firm Association at Rodney Square . . . urging the attorneys whom represent: Kaiser Aluminum Corporation . . . To issue the (Certificate of Deposit), urged for *Id.Ante*, Sect. III of this instant Writ of Mandamus. The state of Delaware State Bar Association, is still got the R/L/F law firm under failure to comply on the settlement tacit arriving from the filing of the bar complaint. . .
> 6.) I'm also a party in the Karen A. Barel civil suit, Case No.: 06-2373. Where counsel for the Plaintiff's haven't fully evaluated in a substantial way the immediate benefits of the settlement upon the class, although counsel for the class determined that the proposed settlement is fair, reasonable, adequate in the best interest of the class, and hadn't yet to issue monetary funds to class-member Matthew Faison Jr. save for the purpose until the Claimant Faison complete or be released form the Florida Prison system [*sic*].
> 7.) Bank of America (BOFA) which held the monetary funds.

Construing this pleading liberally, since a pleading filed by a *pro se* plaintiff is held to a less stringent standard than a formal pleading drafted by an attorney, <u>Erickson</u>, 551 U.S. at 94, Petitioner's legal theory in support of his request for a writ of mandamus is meritless. Furthermore,

Plaintiff's factual allegations are so incoherent that they do not rise to the level of an actionable claim and are baseless.

Pursuant to 28 U.S.C. § 1651, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions agreeable to the usages and principles of law." For a federal district court to issue a writ of mandamus under § 1651, the mandamus must be ancillary to or in aid of jurisdiction already acquired. 8 Fed. Proc., L. Ed. § 20:666. Pursuant to 28 U.S.C. § 1361, a district court may also issue a writ of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Here, Petitioner asks this Court to compel private corporate entities to turn certain assets over to Petitioner. Petitioner does not allege the identified entities are agencies of the United States, so that the Court cannot issue a writ pursuant to 28 U.S.C. § 1361. Petitioner also does not explain why or how this Court has jurisdiction over the identified entities such that a writ would be ancillary to or in aid of jurisdiction already acquired pursuant to 28 U.S.C. § 1651.[5] See Fields, 193 F.2d at 96.

---

[5] As part of his request for the writ of mandamus, Petitioner appears to demand damages from a class action that was before Judge Barclay Surrick of this Court. The suit, Barel, et al., v. Bank of America, was settled and the settlement approved by Judge Surrick on January 16, 2009 (No. 06-2372, Doc. No. 60). The suit addressed a practice by Bank of America of obtaining a credit report on non-customers who had been given power of attorney status by customers over those customers' accounts. Bank of America allegedly obtained the credit reports of the non-customers without a permissible purpose, in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. According to the terms of the settlement outlined in the court's opinion approving the settlement, Bank of America will provide credit monitoring services to the class members (the injured non-customers) for four months, and remove the inquiry from the credit reports of those class members who request such action. (Doc. No. 60, at 2-3). Petitioner asserts he is a party in the suit and seeks, through his request for a writ, to compel Bank of America to "issue monetary funds" to him as a class member, specifically, "$25 million in stock." The class action settlement, however, does not provide for money damages for any class members except the class representative. If Petitioner is a member of the Barel class, and if he has not received the credit monitoring services he is entitled to as a class member, he may seek appropriate relief

Therefore, the Court cannot issue a writ pursuant to 28 U.S.C. § 1651. Because Petitioner's legal claims ask the Court for relief which it is incapable of granting, the claims are meritless.

Finally, as noted, Petitioner's factual allegations are incomplete and incoherent. It is unclear what bearing the individuals and acts identified by Petitioner in his "Facts" have on the validity of Petitioner's demands for funds. Petitioner indicates he contacted attorneys for Kaiser Aluminum, demanding they issue a certificate of deposit. He makes a confusing allegation regarding the lawyers' "failure to comply on the settlement tacit arriving from the filing of the bar complaint (*sic*)." Regarding the Barel class action, Petitioner seems to allege that counsel for the class has been derelict in their duties, although his statements are confusing and the only relief requested is from Bank of America. Because the Court is unable to decipher how Petitioner's factual allegations relate to his demands for relief, or even to determine a cause of action that could be supported by Petitioner's confusing allegations, the Court concludes they are baseless.

Accordingly, Petitioner's claims here are both factually and legally frivolous, and his pleadings will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## III.  CONCLUSION

In sum, Petitioner falls under the "three strikes" provision of 28 U.S.C. § 1915(g). On three or more prior occasions, he has brought an action or appeal that was dismissed on the

---

in that suit. Dismissal of Petitioner's pleadings here with prejudice will not affect Petitioner's ability to seek appropriate relief in the Barel suit because the class action settlement provides entirely different relief from the relief Petitioner requests here. Because the class action case is not before this Court, this Court does not have jurisdiction to order the relief Plaintiff may be entitled to if he is a class member. Accordingly, the Court cannot issue a writ pursuant to 28 U.S.C. § 1651 as requested by Petitioner.

grounds that it is frivolous or fails to state a claim upon which relief may be granted. Petitioner is not in imminent danger of serious physical injury. Accordingly, Petitioner's request to proceed *in forma pauperis* in this action will be denied. Furthermore, his claims are legally and factually frivolous. Accordingly, this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(c). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW FAISON, JR., et. al., | : | |
| | : | |
| Petitioners, | : | Civil Action |
| | : | Case No. 10-MC-51 |
| v. | : | |
| | : | |
| KAISER ALUMINUM CORP., et. al., | : | |
| | : | |
| Respondents. | : | |

**<u>ORDER</u>**

AND NOW, this 26th day of August, 2010, upon consideration of Petitioner's first Motion for Leave to Proceed In Forma Pauperis (Doc. No. 1), Petitioner's second Application to Proceed In Forma Pauperis (Doc. No. 3), and the Writ of Mandamus filed by Petitioner with his first Motion for Leave to Proceed In Forma Pauperis (Doc. No. 5), it is ORDERED as follows:

1. Petitioner's Application to Proceed In Forma Pauperis (Doc. No. 3) is DENIED;

2. Petitioner's pleadings are DISMISSED with prejudice.

3. The Clerk of Court shall close this case.

                                              BY THE COURT:

                                              <u>/s/ Joel H. Slomsky, J.</u>
                                              JOEL H. SLOMSKY, J.